IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,907





 

EX PARTE LUELLA LEEVER, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM HARRIS COUNTY






 Per Curiam.



O P I N I O N


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code of
Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). 
Applicant was convicted of possession of a controlled substance, cocaine, of an amount under
twenty-eight grams. Applicant entered into a plea agreement with the State whereby she agreed
to plead guilty and have her sentence assessed at twenty years confinement with the
expectation that she would be sent to a substance abuse felony punishment facility (SAFPF)
pursuant to Texas Penal Code, Section 12.422. Applicant further believed, based on the terms
of the plea agreement, that upon satisfactory completion of the SAFPF program, the court
would impose a term of probation or her sentence would automatically discharge. Tex. Code
Crim. Proc. art. 42.12 § 6(e). However, due to the twenty-year sentence, Applicant was
rejected by the SAFPF. (1) When she was returned to the trial court, the court imposed a
sentence of twenty years confinement. Applicant did not perfect an appeal. 

 Applicant filed the instant application alleging, among other things, that her plea was
unknowing and involuntary because she did not receive the benefit of her plea bargain
agreement with the State. Applicant also claims that her plea was involuntary because counsel
failed to properly advise her of the consequences of her plea.

 The trial court has determined that Applicant is entitled to habeas corpus relief. In
doing so, the trial court has entered findings of fact that include, in relevant part, the following:

 Applicant understood that she would be incarcerated a maximum of one year if
she pled guilty and accepted a sentence that included the SAFPF program.


 Applicant would not have agreed to plead guilty if she had understood that she
would have to serve more than one year in custody.

 

 Applicant did not receive the benefit of the plea bargain agreement made with
the State because it could not be achieved.

 

 Applicant's attorney did not adequately explain to applicant the law as it applied
to her factual situation. 


 Additionally, the trial court has entered conclusion of law. These conclusions include,
in pertinent part, the following:

 As a result of Applicant's attorney's advice and explanation of the law, as
buttressed by the State's agreement to, and the trial court's findings of fact and
conclusions of law, or a combination of these factors, applicant's guilty plea was
not knowing and voluntary if she was not entitled to enter in the SAFPF program
and/or discharge her sentence. 

 

 As result of Applicant's attorney's advice and explanation of the law, as
buttressed by the State's agreement to, and the trial courts findings of fact and
conclusions of law, or a combination of these factors, applicant did not receive
effective assistance of counsel. Had applicant understood that she might not be
accepted into the SAFPF and that she would then be required to serve her 20-year sentence, she would not have pled guilty.


 After a review of the record, we agree with the trial court's findings and find that
Applicant is entitled to habeas corpus relief. The judgment and sentence in cause number
648315 from the 351st Judicial District Court of Harris County, Texas is vacated. Applicant
is remanded to the custody of the Sheriff of Harris County for a new trial. 

 A copy of this opinion shall be sent to the Department of Criminal Justice, Institutional
Division.


DO NOT PUBLISH

DELIVERED: March 10, 2004 
1. Under Texas Penal Code, Section 12.422(a)(2) in order for a defendant to have
been eligible for the imposition of substance abuse felony punishment, the court could not
have imposed a sentence of more than ten years or less than two years imprisonment.